Jon D. Williams, USB # 8318
9 Exchange Pl #600
Salt Lake City, UT 84111
Telephone: (801) 746-1460
Facsimile: (801) 998-8077

Mark J. Geragos, California State Bar #108325
GERAGOS & GERAGOS, APC
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 625-3900
Facsimile: (213) 625-1600
geragos@geragos.com
*[Pro Hac Vice application pending]*
Attorneys for Plaintiffs BRANDY CHRISTIANSEN and TERRY CHRISTIANSEN

FILED
U.S. DISTRICT COURT

2014 JAN 14 ⊃ 4:03

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| BRANDY CHRISTIANSEN and TERRY CHRISTIANSEN<br><br>Plaintiffs,<br><br>v.<br><br>WEST VALLEY CITY; JOHN COYLE; STEVEN BEARDSHALL; BARBARA LUND; KEVIN SALMON; SEAN MCCARTHY; THAYLE "BUZZ" NIELSEN; and DOES 1-10,<br><br>Defendants. | Civil Action:_____<br><br>**COMPLAINT FOR DAMAGES (VIOLATION OF CIVIL RIGHTS)**<br><br>Case: 2:14cv00025<br>Assigned To : Warner, Paul M.<br>Assign. Date : 1/14/2014<br>Description: Christiansen et al v. West Valley City et al<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiffs Brandy Christiansen and Terry Christiansen allege:

## STATEMENT OF FACTS

1. On October 26, 2012, West Valley Police Officers entered a residence where Plaintiffs Terry Christiansen and Brandy Christiansen (husband and wife) were

1

staying. Not long after entering the residence, Defendant, former Lieutenant John Coyle ("Coyle") using excessive force, tackled Terry Christiansen ("Terry"). During this attack, Coyle slammed Terry's head into walls, cutting it open. As a result of Coyle's unlawful and excessive use of force, Terry also had his teeth knocked loose and sustained bruises all over his body. At one point during the encounter, Coyle utilized a carotid choke hold that caused Terry to lose consciousness. Defendant Officers Steven Beardshall ("Beardshall") and Barbara Lund ("Lund") were present and available to intervene and prevent the excessive force, but failed to do so. Beardshall and Lund also used excessive force against Terry when they put their weight on him despite Terry's cries that he could not breathe. Defendant Officer Kevin Salmon ("Salmon") was also present during this brutal attack on Terry and did nothing to intervene. Terry was treated at a local hospital as a result of the injuries he sustained at the hands of these West Valley City police officers.

2. After being charged with resisting arrest and spending over six months in custody, Terry's case was ultimately dismissed in its entirety.

3. Terry's wife, Plaintiff Brandy Christiansen ("Brandy") was illegally seized and searched approximately four times. After Brandy had already been thoroughly searched at least once, Defendant Officer Sean McCarthy ("McCarthy") put his hand down Brandy's pants and touched her vaginal area under the guise of searching for drugs. No contraband of any kind was ever found on Brandy, despite the multiple needlessly invasive searches. Nonetheless, Brandy was arrested, without probable cause, for possession with the intent to distribute.

4. Brandy spent five days in jail as a result of Defendants' illegal conduct. No charges were ever filed against her.

5. Since these unlawful events, it has been uncovered that the Narcotics Unit of the West Valley Police Department, where Lieutenant Coyle and Officers McCarthy, Beardshall, Lund, and Salmon were assigned, engaged in a pattern and practice of illegal

conduct and widespread and systemic corruption, sanctioned by the West Valley Police Department.

6. Defendant John Coyle was the lieutenant in charge of the Narcotics Unit and the supervisor of Officers McCarthy, Beardshall, Lund, and Salmon. He not only tolerated known wrongdoings by officers within his unit, but he also actively participated in the rampant corruption, as evidenced by his assault on Plaintiff Terry Christiansen.

7. Defendant Thayle "Buzz" Nielsen was the former police chief of the West Valley Police Department and ultimately responsible for the officers within his command. His lack of oversight and supervision, and his disregard for the constitutional rights of the public, resulted in the wrongdoings alleged herein, and constitutional violations in the seizure and arrest of multiple individuals in West Valley City.

8. Two months after the attacks on the Christiansens, the Narcotics Unit of the West Valley Police Department was disbanded. To date, nine officers of this now defunct unit have been disciplined including Defendants McCarthy and Lund; Defendant Salmon was placed on administrative leave; Defendant former Lieutenant Coyle has been demoted; another Narcotics Unit officer, Shaun Cowley was fired; a West Valley City Police Department officer, Michael Valdes, was discovered in Wyoming, dead from what appeared to be a self-inflicted gunshot wound; and Chief Nielsen has retired.

9. West Valley City admits to rampant corruption and systemic constitutional violations by its officers, including mishandling of evidence, confiscation of drugs for personal benefit, theft of seized property, illegal use of GPS tracking systems, improper use of confidential drug informants, and commission of perjury.

10. In the past two years, Salt Lake County District Attorney Sim Gill has sought the dismissal of more than 100 criminal cases and the United States Attorney's Office has dismissed more than ten criminal cases as a result of the illegal conduct of the defendant officers and others within the Department. The FBI has also investigated the former Narcotics Unit.

## PARTIES

11. At all times herein mentioned, Plaintiffs Brandy and Terry Christiansen were visiting West Valley City, Utah.

12. At all times herein mentioned, Defendant West Valley City was a governmental entity organized and existing under the laws of the State of Utah.

13. At all times herein mentioned, Defendant John Coyle held the rank of lieutenant and was employed by West Valley City.

14. At all times herein mentioned, Defendant Steven Beardshall was a police officer employed by West Valley City.

15. At all times herein mentioned, Defendant Barbara Lund was a police officer employed by West Valley City.

16. At all times herein mentioned Defendant Kevin Salmon was a police officer employed by West Valley City.

17. At all times herein mentioned Defendant Sean McCarthy was a police officer employed by West Valley City.

18. At all times herein mentioned Defendant Thayle "Buzz" Nielsen was the police chief of the West Valley Police Department and employed by West Valley City.

19. At all times herein mentioned defendants Does 1 through 6 were members of the West Valley City Police Department and acting under color of law.

20. At all times herein mentioned defendants Does 7 through 10 were supervisors, managers, and/or high ranking officers of the West Valley City Police Department and acting under color of law.

21. Defendants Does 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs at this time. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe

4

and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant," "Defendants," or a specifically named Defendant refers also to all Defendants sued under fictitious names.

22. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the Defendants, including all Defendants sued under fictitious names, was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency or employment.

23. Plaintiffs are informed and believe that Does 1 through 10 were police officers with the West Valley City and each of them approved, ratified, condoned, encouraged, participated in, and/or sought to cover up the continuing pattern and practice of misconduct, and/or civil rights violations by Defendants.

## JURISDICTION

24. The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 [federal question] and 28 U.S.C. Section 1343(3) [civil rights]. Venue lies in the District of Utah, the judicial district in which the claim arose, pursuant to 28 U.S.C. Section 1391(b).

### FIRST CAUSE OF ACTION
(Violation of Civil Rights 42 U.S.C. § 1983
by Plaintiffs against Defendants Coyle, Beardshall, Lund, Salmon, and McCarthy
and Does 1 through 6)

25. Plaintiffs hereby incorporate and reallege the preceding paragraphs as though fully set forth herein.

26. Defendants Coyle, Beardshall, Lund, Salmon, McCarthy, and Does 1 through 6 are police officers employed by West Valley City and at all relevant times were acting under color of state law.

27. Defendants, acting under color of state law, deprived the Plaintiffs of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those enumerated in and secured by the Fourth Amendment to the Constitution, by subjecting Plaintiffs to an unlawful search, seizure with excessive force, arrest, imprisonment, and, in the case of Terry Christiansen to a unjustified criminal prosecution, in violation of his Fourth and Fourteenth Amendment rights.

28. As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiffs have sustained injuries, special and general damages, including pain and suffering, in an amount according to proof.

29. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard of the constitutional rights of the Plaintiffs. The wrongful acts, and each of them, were the result of willful misconduct and were malicious in nature. In particular, the sexual battery on Brandy Christiansen and the excessive use of force on Terry Christiansen despite his cries that he could not breathe, demonstrate intentional wrongful acts designed to cause injury. An award of punitive damages against each individual defendant should be made in an amount adequate to punish the wrongdoers and deter future misconduct.

30. As further damage, Plaintiffs have incurred and will continue to incur attorneys' fees, and pursuant to 42 U.S.C. § 1988, are entitled to recovery of costs and fees in pursuing rights for a violation of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
### (Violation of Civil Rights 42 U.S.C. § 1983 – *Monell* by Plaintiffs against Coyle, Nielsen, West Valley City and Does 7 through 10)

31. Plaintiffs hereby incorporate and reallege paragraphs the preceding paragraphs as though fully set forth herein.

32. Defendants Coyle, Nielsen, West Valley City and Does 7 through 10, knowingly and with gross negligence, maintain, permit, and ratify policies and customs which allow the occurrence of the types of wrongs set forth hereinabove, all in deliberate indifference to the constitutional rights of citizens.

33. Plaintiffs are bringing this cause of action against Defendant Coyle in his official capacity under *Monell*, in addition to bringing their First Cause of Action against him in his individual capacity.

34. West Valley City continued the employment of McCarthy, Beardshall, Lund, and Salmon, and allowed little to no supervision of these officers in spite of the fact that several of these officers had prior citizen complaints for misconduct. Defendant Coyle was a lieutenant with the West Valley Police Department and allowed the rampant corruption, as well as participated in the corruption within the department, allowing officers in the Narcotics Unit to abuse the suspects and arrest Brandy Christiansen without probable cause, wherein she spent five days in custody.

35. The widespread corruption in the West Valley Police Department, and in particular, within the Narcotics Unit, includes mishandling of evidence, confiscation of drugs for personal benefit, theft of seized property, illegal use of GPS tracking systems, forging consent to search forms, improper use of confidential drug informants, and commission of perjury.

36. The pervasive and rampant misconduct engaged in by West Valley police officers, and particularly the Narcotics Unit, are evidence of the City's deliberate indifference to the constitutional rights of the citizens of West Valley, as well as evidence

of policies and practices that allow for the violations of the Fourth and Fourteenth Amendments, as alleged herein.

37. The City's deliberate indifference in the training of its law enforcement officers related to the use of reasonable force and lawful seizures, as well as the deliberate indifference by the police department's hierarchy to the safety of its citizens or the adherence to the Constitution's protection of individual rights, are the moving force behind the misconduct engaged in by the officers as alleged herein. Were it not for this indifference, Defendants would not have been able to abuse Plaintiffs so easily. The widespread corruption and misconduct of West Valley City officers are all factors leading to the violation of Plaintiffs' constitutional rights.

38. Further, the City's ratification of police misconduct, along with its failure to conduct adequate investigations of misconduct, led to the violations of the Plaintiffs' constitutional rights.

39. Plaintiffs are informed and believe, and thereon allege, that the customs and policies of the West Valley City Police Department were the moving force behind the violations of Plaintiffs' rights. Based upon the principles set forth in *Monell v. New York City Dept. of Social Services*, the City of West Valley is liable for all of the injuries sustained by Plaintiffs as set forth above.

40. Due to the conduct of Defendants, and each of them, Plaintiffs have incurred and will continue to incur attorneys' fees, and are entitled to recovery of said fees pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION
(Battery
by Plaintiff Brandy Christiansen against Defendant McCarthy
and West Valley City )

41. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs and incorporate the same as though fully set forth hereinafter.

42. Defendant Sean McCarthy, while employed for and acting within his capacity as a law enforcement officer for West Valley City, committed a harmful and offensive touching on Plaintiff Brandy Christiansen when he put his hand down her pants and touched her vaginal area.

43. This harmful and offensive contact was intentional and Defendant McCarthy intended to cause injury to Brandy. Brandy had already been searched and a male officer sexually assaulting a female suspect is clearly an act of willful misconduct in that it intends to cause injury and is unjustified.

44. Plaintiff filed a timely claim pursuant to Utah Code 63G-7-401.

45. As a result of Defendant McCarthy's conduct, Brandy has been injured and suffered damages, in an amount according to proof.

46. In doing the foregoing wrongful acts, Defendants, including Defendant McCarthy, acted in reckless and callous disregard of Plaintiffs' well-being. The wrongful acts, and each of them, were willful, oppressive, and malicious, in particular the sexual assault on Brandy Christiansen. An award of punitive damages against each individual defendant should be made in an amount adequate to punish the wrongdoers and deter future misconduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For punitive damages against the individual officers, in an amount according to proof;
5. For reasonable attorneys' fees and costs where applicable;
6. For costs of suit herein incurred; and

7. For such other and further relief as the Court may deem just and proper.

Dated: January 14, 2014

By: /s/ Jon D. Williams
JON D. WILLIAMS
Attorneys for Plaintiffs
BRANDY CHRISTIANSEN and
TERRY CHRISTIANSEN

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby request a trial by jury.

Dated: January 14, 2014

By: /s/ Jon D. Williams
JON D. WILLIAMS
Attorneys for Plaintiffs
BRANDY CHRISTIANSEN and
TERRY CHRISTIANSEN