IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRANDY CHRISTIANSEN and TERRY CHRISTIANSEN,<br><br>            Plaintiffs,<br>v.<br><br>JOHN COYLE, STEVEN BEARDSHALL, BARBARA LUND, SEAN MCCARTHY, and DOES 1-10,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:14-cv-00025<br>District Judge Jill N. Parrish |

### INTRODUCTION

Brandy and Terry Christiansen bring this action against defendants John Coyle, Steven Beardshall, Barbara Lund, and Sean McCarthy claiming a violation of their civil rights under 42 U.S.C. § 1983. Officers Beardshall and Lund moved for summary judgment as to the claims against them on the basis of qualified immunity. (Docket 44). After a defense of qualified immunity has been raised, the burden of proof shifts to the plaintiff. However, Plaintiffs filed no response to the motion for summary judgment and the time to do so has expired. By failing to file an opposition to the motion or raise any genuine dispute of material fact, Plaintiffs failed to meet their burden. Accordingly, the court GRANTS Officer Beardshall's and Officer Lund's motion for summary judgment as to the claims against them.

### FACTUAL BACKGROUND

As noted above, Plaintiffs filed no response to the motion for summary judgment. The facts as presented by Officers Beardshall and Lund in their memorandum are deemed undisputed

pursuant to the court's local rules. *See* DUCiv 56-1. Accordingly, the following factual background is a summary of the undisputed facts.

On October 26, 2012, Officers Beardshall and Lund responded to a call for assistance from other police officers at a West Valley residence. After conducting an initial K9 search of a vehicle located in the driveway, they entered the residence. Upon entry, they witnessed Officer Coyle struggling with Mr. Christiansen on a cramped bathroom floor. Officer Beardshall helped Officer Coyle secure Mr. Christiansen by placing his weight on Mr. Christiansen's kicking legs, and placing a handcuff on one of his arms. Officer Beardshall lifted Mr. Christiansen off the floor and placed him against the vanity to secure his other arm.

Officer Coyle and Officer Beardshall then took Mr. Christiansen to the living room and laid him on his stomach so shackles could be placed on his ankles. Mr. Christiansen continued to kick and scream while Officer Lund attempted to attach the shackles. She eventually placed her weight on his legs to secure them. She then took Mr. Christiansen to her patrol car and escorted him to the hospital for evaluation and treatment for a cut he received during his struggle with Officer Coyle.

## DISCUSSION

Plaintiffs assert claims of excessive force and failure to intervene against Officers Beardshall and Lund. Officers Beardshall and Lund argue that they are entitled to qualified immunity for their involvement in Mr. Christiansen's arrest. "When a defendant raises the defense of qualified immunity, the plaintiff bears the burden to demonstrate that the defendant violated his constitutional rights and that the right was clearly established." *Callahan v. Wyandotte Cnty*, 806 F.3d 1022, 1027 (10th Cir. 2015). "[T]o show that a right is clearly established, the plaintiff must point to 'a Supreme Court or Tenth Circuit decision on point, or

the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Id.* (quoting *Estate of Booker v. Gomez*, 745 F.3d 405, 427 (10th Cir. 2014). Alternatively, "[t]he law is also clearly established if the conduct is so obviously improper that any reasonable officer would know it was illegal." *Id.*

Officers Beardshall and Lund asserted a qualified immunity defense in their motion for summary judgment. By failing to file an opposition, Plaintiffs failed to carry their burden. Plaintiffs have not pointed to any court decision showing that Officer Beardshall's and Officer Lund's conduct violated Plaintiffs' rights. Additionally, the undisputed facts demonstrate that Officer Beardshall's and Officer Lund's actions were not "so obviously improper that any reasonable officer would know [they were] illegal." *Id.* For those reasons, the court GRANTS Officer Beardshall's and Officer Lund's motion for summary judgment. (Docket 44).

Signed January 25, 2016.

                                        BY THE COURT

                                        _____
                                        Jill N. Parrish
                                        United States District Court Judge