IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRANDY CHRISTIANSEN and TERRY CHRISTIANSEN,<br><br>    Plaintiffs,<br>v.<br><br>JOHN COYLE; SEAN MCCARTHY, and DOES 1–10,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING STIPULATED MOTION TO VACATE JUDGMENT**<br><br>Case No. 2:14-cv-00025-JNP<br><br>District Judge Jill N. Parrish |

Before the court is the parties' stipulated motion to vacate the judgment entered in this case under Rule 60(b)(5) of the Federal Rules of Civil Procedure and to dismiss the action with prejudice. [Docket 200]. The court DENIES the motion because exceptional equitable circumstances do not warrant vacatur of the judgment.

After a judgment was entered on the jury verdict in this case, the parties notified the court that they had settled the lawsuit. The parties then file a stipulated motion to vacate the judgment pursuant to Rule 60(b)(5), which permits courts to relieve a party from a final judgment where "the judgment has been satisfied, released or discharged." The parties summarily argue that because the settlement agreement discharged the judgment, the court should vacate it.

The Supreme Court addressed the standard for vacating a judgment and a resulting circuit court opinion due to a settlement agreement in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994). The Court held that vacatur of a judgment is equitable in nature and requires "exceptional circumstances." *Id.* at 29. In determining whether to vacate the

*Bancorp* judgment and appellate opinion, the Court first considered whether the parties had voluntarily mooted the judgment. Although vacatur must be granted where a judgment becomes moot through happenstance or through the unilateral action of the party that prevailed in the lower court, parties may not voluntarily moot a judgment through a settlement agreement. The Court reasoned that "[w]here mootness results from settlement . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Id.* at 25.

Second, the Court looked to public interest considerations to determine whether the equitable remedy of vacature was warranted. It noted that judicial precedents "are presumptively correct and valuable to the legal community as a whole" and that private litigants should not be able to effectively shape the law by erasing precedents to meet their own needs. *Id.* at 26. The Court further reasoned that the public interest in an orderly judicial system weighed against vacature:

> Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would—quite apart from any considerations of fairness to the parties— disturb the orderly operation of the federal judicial system.

*Id.* at 26–27.

Weighing both the voluntary forfeiture and public interest considerations, the Supreme Court held that

> mootness by reason of settlement does not justify vacatur of a judgment under review. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course. It should be clear from our discussion, however, that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur—which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed.

*Id.* at 29.

Although *Bancorp* specifically addressed the standard for vacating a judgment where vacature would effectively erase an appellate opinion, the Tenth Circuit has held that the *Bancorp* standard also applies to a district court when evaluating a request to vacate a judgment under Rule 60(b). In *Amoco Oil Co. v. United States Environmental Protection Agency*, the Tenth Circuit applied the *Bancorp* standard to review a district court's denial of a Rule 60(b) motion to vacate a judgment after a settlement. 231 F.3d 694, 697–98 (10th Cir. 2000); *see also Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 117 (4th Cir. 2000) ("In the circumstance of vacatur due to mootness . . . we are satisfied that the standards under 28 U.S.C. § 2106 [applied by *Bancorp*] and Rule 60(b) are essentially the same."). Employing this standard, *Amoco Oil* held that "after voluntarily agreeing to a settlement that renders the case moot, the losing party forfeits the legal remedy of appeal and is no longer entitled to the equitable remedy of vacatur in the absence of exceptional equitable circumstances." 231 F.3d at 698; *see also City of Albuquerque v. Browner*, 97 F.3d 415, 421 (10th Cir. 1996) ("The Supreme Court recently explained that mootness by reason of settlement does not justify vacatur of a federal civil judgment under review absent exceptional, equitable circumstances.").

Under *Bancorp* and *Amoco Oil*, a district court may not vacate a judgment under Rule 60(b) absent "exceptional equitable circumstances." These binding precedents make clear that a postjudgment settlement agreement is not an exceptional circumstance warranting vacatur of a judgment. *Bancorp*, 513 U.S. at 29; *Amoco Oil*, 231 F.3d at 698–700; *but see Welch v. Unum Life Ins. Co. of Am.*, 649 F. Supp. 2d 1220, 1227 (D. Kan. 2009) (holding that where litigation over the plaintiff's claim to disability benefits had dragged on for almost a decade and where the parties had conditioned their settlement agreement on the district court's vacatur of the judgment,

3

"the court reluctantly concludes that this case does involve exceptional circumstances and that application of equitable principles justify granting the unopposed motion for vacatur in this case."). Moreover, the parties have not proffered any other exceptional circumstances that could justify vacature of the judgment in this case. The court, therefore, DENIES the stipulated motion to vacate the judgment and dismiss the action with prejudice. The parties may file a satisfaction of judgment if they wish to indicate on the docket that the judgment no longer represents an enforceable obligation.

    DATED October 18, 2017.

                              BY THE COURT

                              _____
                              Jill N. Parrish
                              United States District Court Judge